<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5299**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARSHALL MONROE,

Defendant – Appellant.

_____

**11-4024**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER RONDELL ROGERS,

Defendant – Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:08-cr-00043-CMH-1; 1:08-cr-00043-CMH-3)

_____

Submitted:  July 29, 2011            Decided:  September 8, 2011

_____

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Douglas A. Steinberg, Alexandria, Virginia, Paul P. Vangellow, Falls Church, Virginia, for Appellants. Neil H. MacBride, United States Attorney, Michael E. Rich, Assistant United States Attorney, Erin Creegan, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marshall Monroe and Christopher Rogers were convicted of numerous offenses related to a series of convenience store robberies that occurred in October 2007. Monroe received an aggregate sentence of 300 months — considerably above his advisory Guidelines range of 63-78 months. Rogers was sentenced to 240 months in prison — also well above his advisory Guidelines range of 97-121 months. We previously vacated both sentences because the district court failed to make the individualized assessments required by Gall v. United States, 552 U.S. 38 (2007). United States v. Monroe, 396 F. App'x 33 (4th Cir. 2010) (No. 08-5050). Monroe and Rogers now appeal their respective terms of imprisonment imposed at resentencing. We affirm.

I

At Monroe's resentencing, the district court rejected defense counsel's request for a sentence within the advisory Guidelines range. The court determined that an upward variance was necessary. In this regard, the court stated:

> The upward departure is appropriate here because of the circumstances of the offense. Mr. Monroe . . . was involved in four . . . armed robberies. Two of the . . . robberies resulted in an assault of the victim, one which he even dragged through the door of the store, inside the store, and assaulted. . . .

3

[I]t is true . . . that you're relatively young and the circumstances of your upbringing should be considered, but I don't believe that that outweighs the depravity and the viciousness of these crimes and the number of them that were committed within such a short period of time. It's necessary to impose a substantial sentence to protect the public and to deter you and others from such kind of conduct.

The court sentenced Monroe, as it originally had, to an aggregate 300-month term of imprisonment.

At Rogers' resentencing, defense counsel asked the court to take into consideration the fact that, since his incarceration, Rogers had completed his GED, a parenting class, and an educational program in carpentry skills, and was working in the prison's carpentry department. Additionally, counsel asked the court to consider that Rogers did not enter any of the stores that were robbed but instead served as his codefendants'[1] driver.

The court sentenced Rogers to 210 months in prison. In imposing sentence, the court stated:

[I have considered] the nature and circumstances of this offense, the fact of these three robberies, [and that] both of [Rogers' codefendants] were using firearms and . . . engaging in some very reckless conduct which you knew about. I understand that you drove the car, but you knew what was going on and you provided the means for them to go ahead and to do that.

For that I find that there should be a fairly substantial upward departure from the guidelines to

---

[1] James Tyer was the third codefendant.

4

meet the needs of punishment and deterrence, not only punishment for you but deterrence for others that do this kind of conduct.

However, you've come here with something the other codefendants didn't, some record of some accomplishments. It has been some time since you were sentenced previously, and you've come here and demonstrated that you've been doing something constructive during that time and I believe that you ought to get credit for that.

II

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. at 51. We vacated the sentences originally imposed because the district court committed procedural error when it failed "to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." See Gall, 552 U.S. at 51.

In evaluating a district court's explanation for the sentence imposed, we have held that, although a district court must consider the relevant 18 U.S.C. § 3553(a) (2006) sentencing factors and explain the sentence, it need not explicitly refer to § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must make an individualized assessment based on the facts presented," and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it."

5

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The district court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks and citation omitted). In other words, the reasons articulated by the district court need not be "couched in the precise language of § 3553(a)," as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Both Monroe and Rogers argue that the district court inadequately justified the upward variances and failed to mention § 3553(a) when imposing sentence. Separately, Monroe contends that his sentence was not supported by a sufficiently extensive individualized assessment. We reject these arguments.

In Monroe's case, the court found that an upward variance was warranted for several reasons. First, Monroe committed four robberies — two of which involved assaults on the victims — in a short period of time. The court also stated that Monroe's crimes exhibited "depravity and viciousness." These factors, as well as the need to protect the public and to deter

6

further criminal behavior, outweighed the fact that Monroe was "relatively young" and had experienced a difficult childhood. It is irrelevant that the court did not specifically refer to § 3553(a) because the court considered several pertinent § 3553(a) factors when imposing sentence. We conclude that the court, contrary to Monroe's argument, sufficiently explained the variance and made an adequate individualized assessment under Gall and Carter.

Similarly, in Rogers' case, the decision to impose a variant sentence was based on a variety of § 3553(a) factors. Rogers participated in three robberies by driving his codefendants to the various stores, and he was fully aware of what his codefendants were doing. The court also stated that the "substantial upward departure . . . [would] meet the needs of punishment and deterrence." Finally, the court found that these factors were tempered somewhat by Rogers' accomplishments in prison. We conclude that the court adequately explained its reasons for the variance and performed an appropriate individualized assessment.[2]

---

[2] The contention that the court "sentence[d] Rogers to the exact same sentence as his codefendants" has no merit, especially because Rogers was sentenced to 210 months in prison.

III

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED